## No. 118.

### SOUTHWESTERN FURNITURE CO. *v.* JAMES A. MANNING.

1. In cases of attachment, the property of the debtor can be reached only by actual seizure, or by proceedings in garnishment. McGloin, Judge, assents to the decree under the precedents, but questions the soundness of the authorities followed. 32 La. An. 594; 9 La. An. 311, 524.

*Appeal from the Civil District Court, Division D. Rightor, Judge.*

*J. H. Ferguson* for plaintiff and appellant.

*Jas. Timony* and *Jno. B. Kunz* for defendants.

ROGERS, J.—This cause seems to have been tried in the District Court, without reference to the contingency of appeal, but it is admitted by counsel that an affidavit was filed in the court *a qua* that the fund to be distributed, the subject-matter of contest, exceeded two hundred dollars, and was less than one thousand dollars; the District Judge considered the plaintiff was entitled to an appeal. Under the circumstances, we consider that this court has jurisdiction.

The question for decision is, did plaintiff make a valid seizure, by process of attachment in the hands of the constable, under the conditions set forth in the evidence, as follows:

Southwestern Furniture Co. ⎫        New Orleans, Sep. 30, 1880.
        *vs.* ⎬ No. 469.        State of Louisiana.
    Jas. A. Manning. ⎭ Civil Sheriff's Office, parish of Orleans.

To Roger Murphy, Constable, First City Court:

Please to take notice, that by virtue of a writ of attachment

Southwestern Furniture Co. vs. Manning.

issued in the above mentioned suit, I have seized a certain lot of furniture, in your possession, belonging to defendant.

[Signed]                              WM. J. GRADY, D'y Sheriff.

This notice was served on the constable, through his deputy, in person. No one was cited in garnishment.

C. P. Art. 256 requires the sheriff, in executing the writ of attachment " to *seize and detain the property* of the debtor, whether it consists of goods, effects, rights credits or rights of action." If they cannot be laid hold of, because they are in the hands of a third person, who cannot or will not deliver them, the only mode of procedure is to cite such person as a garnishee. *Without an actual seizure or a citation in garnishment, there can be no attachment.* Such is the jurisprudence of this State. 9 La. An. 525, and authorities there cited, and 32 La. An. 596.

The judge *a quo* held, correctly, that the seizure made under the writ by the notice served upon the constable could confer no real right.

Judgment affirmed.

----

McGLOIN, J.—As my colleague is disposed to follow, in this case, the precedent set in McDonald *v.* Insurance Co., 32 La. An. 594; Nelson & Co. *v.* Simpson, 9 La. An. 311, and Woodworth *v.* Lemmerman, 9 La. An 524, I am unwilling to dissent, but deem it a duty to declare that the doctrine of those cases has not my acquiescence.

A distinction is drawn by 32 La. An. 594, between seizures under writs of *fieri facias* and those under writs of attachment. As to the former, garnishment process is declared to be, as a means of reaching incorporeal rights, merely cumulative; whereas it is held, as to the latter, to be exclusive. In justification of this distinction, reference is made to the brief of counsel for the plaintiff in Rightor *v.* Slidell, 9 La. An. 602. This able brief, to me, is conclusive upon the question, *that in all cases,* under the textual provisions of the Code of Practice,

where such rights are to be seized, they may be reached without the intervention of garnishment process. In Rightor *v.* Slidell, it so happened that plaintiff's writ was one of *fieri facias.* It also occurred that the same bench, before which he found himself, had just decided Nelson & Co. *v.* Simpson and Woodworth *v.* Lemmerman, in which cases they decided this issue adversely to him, in connection with this writ of attachment. He, therefore, out of an abundance of caution, sought to draw a distinction, in this regard, between the two writs, which has, however, not been convincing to me.

It is needless to repeat what he has done so ably, in showing the force and limitations of preceding authorities. All that is here necessary is to give the particular reasons which have led me to the conclusion which I have reached. The Court, in Rightor *v.* Slidell, bases its opinion upon C. P. Arts. 642 and 647. The former declares the writ of *fieri facias* to be a mandate to the sheriff to seize property, real or personal, *rights* or *credits* of the debtor, etc. The latter is to the effect that, " where the debtor has neither movable or immovable property, the sheriff *may seize the rights and credits* which belong to him (the debtor), and all sums of money which may be due to him, in whatsoever right, unless it be for alimony, or salaries of office." It was held that these articles fully justified the seizure of incorporeal rights, which, by their nature, could not be taken into actual custody ; and that Act of March 30th, 1839, Section 13, produced no change in these articles, and hence awarded only a cumulative remedy.

Touching the writ of attachment, the legislation is almost identical with these articles, to which reference has just been made. C. P. Art. 239, declares " an attachment *in the hands of third persons,*" to be, " a mandate which a creditor obtains from a competent judge, commanding the seizure of any property, *credit or right,* belonging to the debtor, *in whatever hands they may be* found, etc." There is, surely, no material difference, in the scope of this writ, as thus defined, and that of the writ of *fieri facias,* as described in C. P. Art. 642.

Article 241, C. P., is to this effect: "A creditor may, in like manner, *obtain a mandate of seizure* against *all species of property* belonging to his debtor, real or personal, *whether it consists of credits or rights of action,* and whether such property be in the debtor's possession, *or in that of a third person,* etc." This is, in its terms, even more sweeping than C. P. Art. 647, for that would seem, in cases of execution, to limit the right of seizing such property to cases where there is no movable or immovable to be reached.

The latter part of C. P. Art. 246 which, as to writs of *fieri facias,* stands in the place of Act of 1839, Sec. 13, is to the effect that "a judgment creditor, believing that a third person has in his possession property of the debtor, *may* cause such person to be cited to answer under oath, etc." This is the language which has been held as not modifying the provisions of Arts. 642 and 647 C. P.

But the first part of Art. 246, C. P., applicable to writs of garnishment under attachment, is to precisely the same effect. It declares: "If a creditor know or suspect that a third person has in his possession property belonging to the debtor, or that he is indebted to such debtor, he *may make* such a person a party to the suit, by having him cited, etc." I see nothing in this provision, any more than in the other, of a restrictive character. Strike it out, and under the other provisions cited, rights and credits could be reached as fully under the one writ as under the other. If so, Art. 246, C. P., leaves the option as completely in one case as in the other. If it was intended by this provision to destroy or impair the force of articles 239 and 241 C. P. any more than that of C. P. 642 and 647, the term which should have been employed would be *must* or *shall* instead of *may.* Nor can I see why the same or similar premises should in one case lead to one conclusion and in another to a contrary one.

It will be noted that the Court, in Rightor *v.* Slidell, abstains from any recognition of this distinction, and it was determined later than Nelson & Co. *v.* Simpson, and Woodworth *v.* Lem-

Southwestern Furniture Co. vs. Manning.

merman. Nor does the later authority of Safford *v.* Maxwell, 23 La. An. 342, give express sanction to this distinction.

It is true, that C. P. 256 directs the sheriff to *" seize* and *detain"* property reached by this writ, but it must not be interpreted so as to strike all force from other provisions of law, of equal dignity, authorizing him to seize *rights and credits.* On the contrary, it must be so construed as to harmonize with and allow them the fullest effect. When, therefore, it speaks of seizure and detention, it means such seizure and detention as the property affected is susceptible of; actual where possible, and constructive when not. Indeed, in case of conflict between C. P. Art. 256, upon one hand, and articles 239 and 241, the latter should, in this particular, prevail. This would be for the reason that the latter had for their especial object a definition of the writ and what could be reached thereby, and so, as to this was in the nature of special legislation.

But a conflict cannot be brought about by the courts. It must, in fact, stand stubbornly in the way, leaving no reasonable method of avoiding it. Such is not the case in this instance. On the contrary, after using this language it goes into details, as follows : *" Whether* it consist of goods, effects, *rights credits or rights of action,* etc." Here is an express repudiation of the idea that because property is not corporeal, it may not, therefore, be seized and detained by the sheriff, and this article would, without other warrant, justify constructive seizures of incorporeal things which, by their nature, are subject to none of a different character.

In this case, the furniture of defendant was already *in custodia legis.* With the possession of the constable the sheriff could not interfere. The only method open to plaintiff in this case, whose writ the latter held, to reach it, was by garnishment, or by constructive seizure, as in the case of rights and credits, not susceptible of actual seizure. I think, individually, that he had a right of choice between the two.